CHARLES E. WEBSTER AND NATHAN CHURCH, TRUSTEES, ETC., v. NELSON G. PEET AND ANN L. PEET.

*Equity pleading—Decree—Waste—Injunction—Trust.*

1. Where the facts upon which equitable relief is granted are sufficient to justify the decree, it is immaterial that the bill asserts a broader claim than the facts, which are also disclosed in the bill, will justify.

2. The cutting of timber not for the purpose of husbandry or clearing, and in denial of the rights of the complainants in a bill filed to restrain the commission of waste on the land, constitutes waste, and is sufficient in itself, in the absence of denial, to justify the inference that the defendant is liable to continue to commit waste, and to authorize the issuance of an injunction to restrain him from so doing.

3. Whether a deed to a trustee for the purpose of satisfying the claims of creditors be treated as an irrevocable power to convey and dispose of the land for the purposes of the trust, or as a mortgage, requiring foreclosure proceedings before sale, the grantor and those claiming under him have the right to redeem, and to a reconveyance, before the execution of the trust, upon payment of said claims.

Appeal from Gratiot. (Daboll, J.) Argued October 5, 1893. Decided October 27, 1893.

Bill to restrain the commission of waste. Defendants appeal. Decree affirmed. The facts are stated in opinion.

*Stone & Salter* and *J. M. Everden,* for complainants.

*Mitchel & Hawley* and *J. H. Winton,* for defendants.

MONTGOMERY, J. One Kosciusko P. Peet was indebted to various persons and firms to an amount aggregating $3,150.41. He was the owner of a farm of 320 acres, 100 of which was cleared, and the balance woodland, the farm being subject at the time to two mortgages, amounting to

about $3,800. To secure the creditors first mentioned, he gave to complainants, as trustees for the creditors, a deed of the lands above referred to, subject to the mortgages then upon the land. The deed was in the usual form, with a recitation added that the conveyance was for the benefit of the creditors named, and with the following further clause:

"This conveyance is made to said trustees with full power granted to them to sell, convey, mortgage, or otherwise assign or transfer the same for the purpose of paying and satisfying the aforesaid claims and the necessary expenses, the residue or remainder, if any, after the satisfaction of said above-described claims, to belong to and to be returned to the said parties of the first part."

The deed was acknowledged June 13, 1891, and duly recorded. On the 9th of February, 1892, the defendant Ann L. Peet took a conveyance from Kosciusko P. Peet, which conveyance contained an attempted revocation of the power of attorney in the deed of June 13, 1891. The defendants, who had been in possession under Kosciusko P. Peet, remained in possession after the conveyance to complainants, and, upon the conveyance being made to Ann L. Peet, she claimed title, and the right to cut and remove timber. The bill in this case was filed with the double purpose of setting aside the conveyance to Ann L. Peet as a cloud upon complainants' title, and to restrain defendants from committing waste. The latter was the only relief granted below. Defendants appeal. Complainants do not appeal.

1. It is claimed that the conveyance to complainants amounted to no more than a mortgage, and that, as the bill is predicated upon the claim that complainants are the actual owners of the land, the relief was improperly granted. We think the contention cannot be allowed. The deed itself is set out in full in the bill of complaint, and, if the facts are sufficient to justify the relief granted,

it is immaterial that the complainants, in their bill, assert a broader claim than the facts, which they also disclose in their bill, justify.

2. It is claimed as a matter of fact for the defense that either after the deed was made, or after instructions given to the scrivener for its preparation, additional claims were inserted, not agreed upon between the parties, and that this in either case constitutes the deed a forgery. A careful examination of the testimony upon this point convinces us that this defense is not made out. It would not be profitable to quote the testimony at length, but it is sufficient to say that we are satisfied that the conclusion of the circuit judge, who saw the witnesses, upon this point, is not only well supported by the testimony, but that, upon the record as made in this Court, we think no other conclusion can be reached without doing violence to the natural inferences and probabilities which surround the case.

3. It is claimed that no waste was being committed. The bill avers that the defendants, without permission or authority from complainants, were at the time of filing the bill engaged in cutting down and drawing away the trees and timber, and threatening and preparing and intending to continue in cutting and carrying away the timber and trees growing, standing, lying, and being on said premises. The answer sets out that the deed under which complainants claim is a forgery. The answer does not deny the intention to continue cutting timber, but states that "the timber taken off said land by these defendants was elm, 3,000 feet, all down timber, cut a year ago last winter; red oak, 3,736 feet; black ash, 545 feet; white oak, 670 feet; basswood, 244 feet; and that all of said timber was cut on lands to be cleared, except the white oak, 670 feet." It appears, therefore, that there is an admission to the cutting of some timber not for the

purpose of husbandry, and which was not done for the purpose of clearing the land. We think this constitutes waste, and particularly where it was done in denial of complainants' rights, and was sufficient in itself, in the absence of denial, to justify the inference that the defendants were liable to continue to commit waste, and authorized the injunction issued in the case.

It is to be regretted that the complainants did not put the case in such form as to admit of adjusting the rights of the parties in this proceeding. It is immaterial whether the instrument of conveyance to complainants be treated as an irrevocable power to convey and dispose of the lands for the purpose of satisfying the debts of the creditors named, or whether, on the other hand, it be treated as a mortgage, requiring foreclosure proceedings before a sale. In either event, it is clear that the instrument was intended for the security of the creditors, and the grantor and those claiming under him would have the right to redeem, and to a reconveyance upon payment of the claims.

The decree below will stand affirmed, with costs.

The other Justices concurred.